State *vs.* Barrow.

## No. 7423.

### THE STATE VS. DAVID N. BARROW.

A plea in reconvention against the State cannot be sustained. It is not pleadable. Nor does the fact that the State sues through or by the District Attorney or the Auditor alter the case. The State is the real and sole plaintiff.

Where the law has not fixed the rate of an attorney's commissions, and no rate has been agreed on with the Auditor under a law authorizing that officer to fix the rate, the court cannot allow any against the State. That is the province of the Legislature.

But if the Legislature has declared that a tax-collector or an attorney shall receive a certain *per centum* on the amount of taxes collected, such provision is itself an appropriation out of the taxes collected of the sum necessary to pay the commissions.

An attorney is as much entitled to his commissions when the debtor after suit pays direct to the creditor as when he pays to the attorney, and therefore if the delinquent tax-owner pays to the official tax-collector after an attorney has sued him, or to avoid the suit which the attorney is holding *in terrorem* over him, the attorney has "caused to be paid" the money into the proper official's hands and is entitled to his commissions.

The forfeiture of commissions, when the tax-collector has not paid over the amount collected, does not apply to an attorney who has acted honestly, openly, and fairly throughout, and has only asserted rights which he believed to be legal, which are in part sustained, and would have been in full against any other litigant than the State.

APPEAL from the District Court for Iberville. McVEA, J.

*Lamon*, District-Attorney, for the State. *Seay, Herron, Wailes, Hebert, Lauve* and *Pope* for Defendant.

Mr. Barrow had been employed by a former Auditor to bring suit for, and to enforce the collection of, delinquent taxes of Iberville Parish for the five years 1869–73. He instituted a large number of suits, personally collected $1,761, caused to be paid into the treasury $26,675.15 and retained the sum in his hands as part of the commissions to which he claimed to be entitled. Applying the principles above enunciated, the court gave judgment against him for the sum in his hands, subject to deduction of commissions which they could allow under the law.

SPENCER, J., delivered the opinion amending the judgment by increasing the commissions, and thus allowing a larger credit than that allowed below.